```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLAN J. NOWICKI, et al.     :    CIVIL ACTION
                             :
          v.                 :
                             :
ALLEN GREEN                  :    NO. 02-CV-370
```

### ORDER-MEMORANDUM

**Padova, J.**

**AND NOW**, this 16th day of June, 2005, upon consideration of Plaintiffs' Motion for Default Judgment (Doc. No. 10), Defendant's response thereto, and all attendant and responsive briefing, **IT IS HEREBY ORDERED** that the Motion is **DENIED**. **IT IS FURTHER ORDERED** that the Clerk's entry of default in this matter is **SET ASIDE**,[1] and that Defendant has twenty (20) days from the date of this Order to file an Answer or otherwise respond to the Complaint in this case.

Plaintiffs Allan and Dianne Nowicki filed this action in January 2002, alleging several contract, tort, and statutory claims against Allen Green. The claims were based largely on Green's alleged refusal to provide financing in connection with the auction and sale of properties belonging to the Plaintiffs, as well as his refusal to remove encumbrances and liens from those properties. When Green failed to defend, the Clerk of this Court entered

---

[1] Although Defendant has not formally filed a motion to set aside default, the Court construes his response brief in opposition to Plaintiffs' Motion for Default Judgment as a request for such relief. See Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivianos, 109 F.R.D. 692, 694 (S.D.N.Y. 1986) (treating the defendant's opposition to default judgment as a motion to set aside entry of default).

default in March 2002.  In April 2002, the parties agreed to stay all proceedings in this case pending resolution of a related action.

In September 2004, Green died, and Eric Joseph Green became the sole executor of his estate.  Plaintiffs then successfully moved in May 2005 to substitute Allen Green with Eric Joseph Green as the new defendant in this case.[2]  Presently before the Court is Plaintiffs' Motion for Default Judgment based on the March 2002 entry of default.

The Court considers three factors in deciding whether to grant default judgment or set aside an entry of default: (1) whether the plaintiffs will be prejudiced if default judgment is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's own culpable conduct led to the default.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).  The Third Circuit generally disfavors default judgments, because justice is better served when cases are decided on the merits.  See Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987); Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951).  Thus, in a close case, a court should set aside the default and proceed on the merits.  Zawadski, 822 F.2d at 420.

---

[2] Both Greens are hereinafter referred to as "Defendant."

The first factor the Court must consider in resolving the instant Motion is whether Plaintiffs will be prejudiced if default judgment is denied.  Prejudice occurs when a plaintiff's claim "would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors."  Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 147-48 (E.D. Pa. 2001).  Hence, a showing that denial of default judgment would prejudice the Plaintiffs weighs in favor of granting default judgment, whereas a failure to show prejudice weighs toward denying default judgment and setting aside the default.  See id.  Here, although Plaintiffs make a bald statement that they "have been prejudiced," they make no argument that their claims will be impaired by a denial of default judgment. (Pls.' Reply at 3.)  The Court concludes, therefore, that Plaintiffs' failure to show prejudice weighs against granting default judgment and in favor of setting aside default.

The second factor the Court must consider is whether Defendant appears to have a meritorious defense.  The availability of a meritorious defense weighs against granting default judgment, because it demonstrates that the defendant has a possibility of winning on the merits.  See $55,518.05, 728 F.2d at 195.  A meritorious defense is one which, if established at trial, would constitute a complete defense to the plaintiffs' claims.  Id.; Mike

Rosen & Assocs., P.C., v. Omega Builders Ltd., 940 F. Supp. 115, 118 (E.D. Pa. 1995).

Plaintiffs allege claims for breach of contract, breach of good faith and fair dealing, tortious interference with business relations, fraud, and negligent misrepresentation based on Defendant's failure to provide financing as the parties had agreed. (Compl. ¶¶ 28-51, 63-64.)  In response, Defendant maintains that no such agreement existed and that, in any case, the agreement would be unenforceable under the Statute of Frauds. (Def.'s Resp. at 10-11.)  The Defendant further maintains that the alleged agreement would be void for lack of consideration.  (Id. at 11-12.)  Plaintiffs also allege claims for slander on title, defamation, and related statutory violations based on Defendant's refusal to release improper encumbrances and liens from their properties. (Compl. ¶¶ 52-62.)  Defendant responds that the encumbrances were not improper and that he was under no duty to release them. (Def.'s Resp. at 12.)  Plaintiffs further allege negligence claims based on Defendant's refusal to postpone the auction or provide financing.  (Compl. ¶¶ 63-64.)  In response, Defendant maintains that he had no obligations to postpone the auction or provide financing.  (Def.'s Resp. at 12.)  Because Defendant appears to raise meritorious defenses to Plaintiffs' claims, this factor also weighs against granting default judgment and in favor of setting aside default.

The third factor the Court must consider is whether Defendant's own culpable conduct led to the entry of default. A finding that Defendant's culpable conduct led to the default would weigh in favor of granting default judgment. See Chamberlain, 210 F.3d at 164. Culpable conduct means actions "taken willfully or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983). Plaintiffs offer no direct evidence that Defendant's delay leading to the default was willful rather than neglectful. Instead, they merely infer from Defendant's conduct *after* default – such as his initiation of a lawsuit against Plaintiffs over a year and a half later – that he was sufficiently attuned to his legal rights to have defended this case initially. (See Pls.' Reply at 3.) The Court concludes that, at best, this factor is neutral.

Having considered the potential prejudice to the Plaintiffs, the availability of meritorious defenses, and Defendant's culpability, the Court concludes that entry of default judgment is not appropriate in this case. Accordingly, Plaintiffs' Motion for Default Judgment is denied, and the Clerk's entry of default is set aside.

BY THE COURT:

_____      s/ John R. Padova
John R. Padova, J.